# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK O'BRIEN WILLIAMS,

  Plaintiff,

  v.    Case No. 02-C-940

CHARLES G. BRANN, SGT. WILLIAM OAKLEY,
MARK WINKEL, RANDY TASSOUL,
JEFF FARLEY, ALAN S. HUNSADER,
RAYMOND L. TAYLOR, CHIEF DEPUTY BEHLING,
DOOR COUNTY JAIL, DOOR COUNTY SHERIFF'S
DEPARTMENT and DR. CHRISTOPHER FELTON,

  Defendants.

## ORDER

The plaintiff, Mark O'Brien Williams, who is incarcerated at the Green Bay Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding *in forma pauperis* on claims that the defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Presently before the court is plaintiff's renewed motion for the appointment of counsel (Docket #211) and his letter request in which he asks the court to stay all discovery until the court responds to his renewed motion for the appointment of counsel (Docket #229). Both matters will be addressed herein.

 Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States*

*District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

With respect to motions seeking the appointment of counsel, the movant has a threshold burden of showing that they have made a reasonable attempt to secure private counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be competent to try the case him or herself and, if not, whether the presence of counsel is likely to make a difference in the outcome of the case. *Id.* (*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

As a preliminary matter, the court notes that, by order of May 13, 2004, the court granted plaintiff's motion to appoint counsel based on its finding that the presence of counsel would make a difference in the outcome of this action because "the nature of the issues presented, the number of defendants and their representation by different counsel" all indicated that "the current posture of the action had exceeded the plaintiff's ability to represent himself." (Docket #130 at 1-2.) In addition, the court found that plaintiff had shown that his efforts to obtain counsel on his own had been unsuccessful. (*Id.* at 1.) Thereafter, on July 28, 2004, Attorney

Daniel LaFave was appointed counsel in this case (Docket #139) but ultimately withdrew due to ethical impediments. (Docket # 146).

In his renewed motion for the appointment of counsel, plaintiff urges the court to appoint counsel again because the action remains outside his ability to handle. The number of the defendants involved and nature of the issues presented in this case have not changed since the court originally granted plaintiff's motion for the appointment of counsel. Moreover, in its order granting Attorney LaFave's motion to withdraw, the court indicated that it would attempt to secure counsel on plaintiff's behalf. (Docket #146.) For these reasons, the court will grant plaintiff's renewed motion for the appointment of counsel. If the court is successful in securing counsel to represent plaintiff, a separate order appointing counsel will be entered. By letter of March 12, 2006, plaintiff asked the court to stay the discovery in this case "until the court answer [sic] my letter to renew my motion for the appointment of counsel." Because the instant order resolves his motion for the appointment of counsel, his letter request for a stay will be denied, as moot. Plaintiff is reminded that, in the future, any request for a court order must be made by motion as required by Rule 7(b), Federal Rules of Civil Procedure. *See also* Civ. L.R. 7.1. Furthermore, plaintiff is advised that, until the court has secured counsel in this case, he is obligated to proceed with his action without the assistance of counsel.

Accordingly,

**IT IS ORDERED** that the plaintiff's renewed motion for the appointment of counsel (Docket #211) be and the same is hereby **GRANTED**. Once secured by the court on plaintiff's behalf, counsel shall be appointed pursuant to a separate order.

**IT IS FURTHER ORDERED** that plaintiff's letter request for a stay of discovery is **DENIED, AS MOOT**.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge