UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK O'BRIEN WILLIAMS,

    Plaintiff,

    v.                                       Case No. 02-C-940

CHARLES G. BRANN, WILLIAM OAKLEY,
MARK WINKEL, RANDY TASSOUL,
JEFF FARLEY, ALAN S. HUNSADER,
RAYMOND L. TAYLOR,
CHIEF DEPUTY BEHLING,
DOOR COUNTY JAIL,
DOOR COUNTY SHERIFF'S DEPARTMENT, and
DR. CHRISTOPHER FELTON,

    Defendants.

## ORDER

The plaintiff, Mark O'Brien Williams, who is incarcerated at the Wisconsin Resource Center, filed this *pro se* civil rights actions pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding *in forma pauperis* on claims that the defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Presently before the court is Dr. Felton's second motion for summary judgment. (Docket #213.)[1]

Dr. Felton's motion for summary judgment complies with Civil Local Rule 56.1 (E.D. Wis.). Specifically, the defendant's motion includes a short and plain statement that any factual assertion in their affidavits or other admissible

---

[1] Dr. Felton's first motion for summary judgment requested that the § 1983 claims and the state law claims against him be dismissed under the theory that such claims were barred by the applicable statute of limitations. By order of January 25, 2006, the court denied the motion as to the § 1983 claims but granted the motion as to the state law claims. (Docket #209.)

documentary evidence will be accepted by the court as being true unless the plaintiff submits his own affidavit(s) or other admissible documentary evidence contradicting the factual assertions. The defendant also included the text of Federal Rule of Civil Procedure 56(e) and (f) and Civil Local Rules 56.1, 56.2 and 7.1 along with his motion.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-71 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial - (1) the absence of a genuine issue of material fact, and (2) an entitlement to judgment as a matter of law - is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Anderson*, 477 U.S. at 267; *see also, Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be

"opposed by any of the kinds of evidentiary materials listed in Rule 56[c], except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a summary judgment motion is made and supported as provided in [Rule 56(c)], an adverse party's response, by affidavit or otherwise provided in [Rule 56(c)], must set forth specific facts showing that there is a genuine issue for trial"). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322 (emphasis added).

## II. ANALYSIS

The relevant undisputed facts are taken from the defendant's "Proposed Findings of Fact" (Docket #217, hereinafter referred to as "DPFF"), the accompanying affidavits of Dr. Felton and Terri Weber, the supplemental affidavits of Dr. Felton and Terri Weber and the plaintiff's "Declaration of Support of Summary Judgment" (Docket #248) to the extent that they are undisputed and comply with Rule 56(e), Federal Rules of Civil Procedure.[2] *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996). Averments from the defendant's affidavits or the plaintiff's declaration which are conclusory, not made with personal knowledge, or

---

[2]The plaintiff's "Declaration in Support of Summary Judgment" that was filed in opposition to Dr. Felton's second motion for summary judgment was not signed by the plaintiff. (Docket #248.) However, the plaintiff previously filed a sworn declaration (Docket #75) in connection with an earlier motion for summary judgment which contains essentially the same testimony as in the unsigned and unsworn declaration presently before the court. Therefore, for purposes of addressing the instant motion for summary judgment, the court will consider the statements in the second declaration as sworn to the extent that such statements were included in the first, signed declaration. The court also notes that Dr. Felton apparently does not object to the court's consideration of plaintiff's unsigned declaration since he did not bring this deficiency to the court's attention.

otherwise not admissible in evidence have not been included in the relevant undisputed facts. *See* Fed. R. Civ. P. 56(e). The plaintiff's second amended complaint, which is the operative complaint in this case, was not a verified complaint. Hence, it may not be used as an affidavit at the summary judgment stage. *Id.*

**A. Relevant Undisputed Facts**

This case arises out of the arrest of the plaintiff after a traffic stop on September 7, 2001. At the time of plaintiff's arrest, the arresting officers believed that he had swallowed two plastic baggies of cocaine even though the plaintiff insisted he had "smoked [it] up." (Plaintiff's Declaration ¶¶ 3 & 4, Docket #248.) As a result, the plaintiff was taken to Door County Memorial Hospital ("DCMH") emergency room in Sturgeon Bay, Wisconsin, to be treated and examined. (Plaintiff's Declaration ¶ 4, Docket #248.)

At the hospital, the plaintiff was treated by Dr. Felton. (DPFF ¶ 1.) During the relevant time in question, Dr. Felton was employed by Infinity Healthcare, S.C., a privately held service corporation, which contracts with hospitals like DCMH to provide physician services. (DPFF ¶ 7.)

The medical history Dr. Felton obtained concerning the plaintiff on September 7, 2001, was that he was being brought in to the emergency room for evaluation after possibly swallowing two plastic baggie-type containers of cocaine. (DPFF ¶ 2.) Each baggie was believed to contain about an eighth of an ounce of cocaine. (DPFF at ¶ 2.)

Upon arrival, the plaintiff was stripped out of his clothes, placed in a hospital gown and handcuffed to a bed. (Plaintiff's Declaration ¶ 5, Docket #248; and Supplemental Affidavit of Christopher W. Felton ["Felton Supp. Aff."] ¶ 4.) The plaintiff insisted that he "didn't need any or want any medical attention." (Plaintiff's Declaration ¶ 5.) At this time, the plaintiff's vitals showed a blood pressure of 172/97 and a heart rate of 120. (Felton Supp. Aff. ¶ 8.) Both numbers were elevated and not within the normal limits as can occur with cocaine ingestion. (Felton Supp. Aff. ¶ 8.) The drug screen performed on the plaintiff was positive for cocaine. (Affidavit of Terri L. Weber ["Weber Aff."] Ex. A.) However, plaintiff's x-rays showed "'no foreign objects' or 'Baggies of Drugs'" in his system. (Plaintiff's Declaration ¶ 6.)

Because Dr. Felton still suspected possible drug ingestion, he performed a rectal examination on the plaintiff. (DPFF ¶¶ 4 and 6.) A rectal exam is medically recognized and necessarily indicated to treat, assess, and evaluate a patient with a history of cocaine ingestion because cocaine, left undetected, can result in a life threatening situation. (DPFF ¶ 4.) The rectal exam did not reveal the presence of drugs. (Plaintiff's Declaration ¶ 7.)

The rectal exam was not done at the direction of or by request of any state agent or agency, including the Door County Sheriff's Department, Door County Sheriff, Door County Sheriff Investigators, the Door County Jail or District Attorney Mark Funnel. (DPFF ¶ 5.) Rather, the rectal exam was done entirely at

Dr. Felton's discretion as a physician in assessing, evaluating, and treating Mr. Williams, a patient with suspected cocaine ingestion. (DPFF ¶ 6.)

**B. Claims Under 42 U.S.C. § 1983**

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant was acting under color of state law; and (2) the defendant deprived the plaintiff of a right or an interest secured by the Constitution or laws of the United States. *See Jones v. Wilhelm*, 425 F.3d 455, 465 (7th Cir. 2005); *Payne v. Churchich*, 161 F.3d 1030, 1039 (7th Cir. 1998). Dr. Felton argues that the plaintiff cannot satisfy either requirement in this case with respect to the claims against him.

In general, before the conduct of a private party can be deemed to be state action, there must be a sufficiently close nexus between the State and the private conduct so that the action "may be fairly treated as that of the State itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349-50 (1974)). If a defendant's conduct meets the state action requirement of the Fourteenth Amendment, the conduct also satisfies the "under color of state law" element of a civil rights claim under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Wade v. Byles*, 83 F.3d 902, 905 n.4 (7th Cir. 1996). Thus, the principal inquiry becomes whether the defendant's conduct is "fairly attributable to the State." *Lugar*, 457 U.S. at 937.

In making this determination, the United States Supreme Court has adopted a variety of tests which, according to the Court of Appeals for the Seventh Circuit,

fall into two broad categories. *See Wade*, 83 F.3d at 905. The first category includes "situations where a state effectively controls, or encourages the actions of a private party." *Id.* In this group of cases "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must be deemed to be that of the State." *Id.* (quoting *Lugar*, 457 U.S. at 935) (other citations omitted). The second situation in which private parties are deemed to be State actors is when a State delegates a "public function" to a private entity. *Id.* In these cases, a private entity may be considered a state actor if it performs functions that are "traditionally the exclusive prerogative of the State." *Wade*, 83 F.3d at 905 (quoting *Jackson*, 419 U.S. at 353).

The plaintiff has failed to meet his burden under either test. With respect to the first test, the plaintiff argues that Dr. Felton was acting "as an instrument of the Door County Sheriff's Department." (Brief in Opposition at 9.) Dr. Felton has testified that the decision to perform the rectal exam was made at his own discretion as a physician in assessing, evaluating, and treating Mr. Williams, a patient with suspected cocaine ingestion and was not made at the direction or request of any State agency or officer. In an attempt to call his testimony into question, the plaintiff contends that after performing the rectal exam Dr. Felton announced "there's nothing." According to the plaintiff, this announcement "was not made to thin air . . . to the contrary he [Dr. Felton] was informing law

enforcement personell [sic] that there was nothing in Mr. William['s] (plaintiff's) rectum . . . ." (*Id.*)

There is a factual dispute as to whether such comment was, in fact, made by Dr. Felton. Nonetheless, such dispute is not material because such comment, even if made by Dr. Felton to law enforcement officers, does not indicate that Dr. Felton was acting in concert with the law enforcement officers. Such comment, without more, merely shows that the Dr. Felton was informing the officers of the results of the test. Even if Dr. Felton made the announcement with the intent to assist law enforcement officers, such an intent would not transform a private action into a public action without proof that the government had some control over the private entity. *See United States v. Shahid*, 117 F.3d 322, 326 (7th Cir. 1997). The plaintiff has not provided any evidence to suggest that the Door County Sheriff's Department has control over the decisions of Dr. Felton or DCMH.

Moreover, the plaintiff's declaration that officers and special agents "held his legs apart while Dr. Felton conducted a finger-to-anal exam" also does not amount to proof that Dr. Felton was coerced by the Door County Sheriff's Department or acted in concert with them when he performed the rectal exam. This is so because the plaintiff himself testified at his deposition that he cannot say who the officers were or even if they were members of the Door County Sheriff's Department. (Weber Supplemental Affidavit, Ex. U.) Moreover, even if officers from the Door County Sheriff's Department had held the plaintiff's legs while Dr. Felton performed the rectal exam, that fact alone does not amount to proof that Dr. Felton's conduct

was controlled by those officers or that Dr. Felton was coerced by the officers into performing the exam.

The plaintiff has also failed to provide proof that the State delegated its statutory duty to provide medical care to detainees or incarcerated persons to Dr. Felton that would render Dr. Felton's actions "fairly attributable to the State" under the "public functions" test. *Wade*, 93 F.3d at 905. The undisputed evidence shows that Dr. Felton was employed by Infinity Healthcare, S.C., a privately held service corporation which contracted with DCMH to provide physician services. Dr. Felton was not employed by the State nor is there any admissible evidence in the record to suggest that Dr. Felton provided services to the plaintiff pursuant to a contract with the State of Wisconsin (or any other State or municipal agency) to provide medical care to its prisoners/detainees. In the absence of such evidence, the plaintiff cannot be considered a state actor under the "public function" test. *See West v. Atkins*, 487 U.S. 42, 54 (1988) (Court found state action where private physician treated prisoner's injuries pursuant to a contract with the State of North Carolina to provide medical care to its prisoners); *Allen v. Frank*, No. 05-C-975, 2006 WL 757800 (E.D. Wis. March 17, 2006) (summary judgment granted in favor of physician where there was no evidence showing that the emergency room physician was a government employee or was otherwise acting under color of state law).

In sum, the plaintiff has not produced evidence upon which a reasonable jury could conclude that Dr. Felton's conduct amounts to state action under either of the

two applicable tests. As a result, the plaintiff has failed to meet his burden of proof with respect to an essential element of his claim under § 1983; namely, that Dr. Felton acted under color of state law. Therefore, the court will grant Dr. Felton's motion for summary judgment. *See Celotex Corp.*, 477 U.S. at 322.

Accordingly,

**IT IS ORDERED** that defendant Felton's motion for summary judgment (Docket #213) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims under 42 U.S.C. § 1983 against Dr. Felton be and the same are hereby **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that because all of the claims against Dr. Felton have been dismissed, Dr. Felton be and the same is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this  30th  day of May, 2006.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge